1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Keith Keita,                        )   CIV-12-1084-PHX-NVW (MHB)
                                         )
10              Petitioner,              )   **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12  Katrina S. Kane,                     )
                                         )
13              Respondent.              )
    _____)
14

15  TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

16          Petitioner Keith Keita (A091-254-046), who is confined in the Eloy Detention Center

17  in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

    § 2241.  Petitioner alleges that immigration officials are holding him in detention pending
18
    his removal to Liberia.  Petitioner argues that he is entitled to release from custody because
19
    his detention with no prospect that his removal will be effected in the reasonably foreseeable
20
    future is not authorized by law.  See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is
21
    no reasonable likelihood that a foreign government will accept an alien's return in the
22
    reasonably foreseeable future, the INS may not detain the alien for more than the
23
    presumptively reasonable period of six months); Clark v. Martinez, 543 U.S. 371 (2005)
24
    (extending the holding in Zadvydas to inadmissible aliens).
25
            The records at the Eloy Detention Center having indicated that Petitioner is no longer
26
    in custody, and it appearing that there is no longer a live case or controversy in this matter,
27

28

1   the Court ordered Petitioner to show cause within ten (10) days from the date of its Order

2   why this action should not be dismissed as moot.  To date, Petitioner has not responded or

3   otherwise communicated with the Court, and the time for filing a response to the Court's

4   Order has expired.

5          In addition, on January 14, 2013, Respondent filed a Notice to the Court and

6   Suggestion of Mootness indicating that Petitioner was released from immigration detention

7   on December 21, 2012, pursuant to the Government's Order of Supervision.  "[A]

8   petitioner's release from detention under an order of supervision 'moots his challenge to the

9   legality of his extended detention.'"  Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007)

10  (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)).

11         It appearing that the relief requested in Petitioner's habeas petition has been granted,

12  and that the habeas petition is now moot and should, therefore, be dismissed, the Court will

13  recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

14         **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of

15  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without

16  prejudice.

17         This recommendation is not an order that is immediately appealable to the Ninth

18  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20  parties shall have fourteen days from the date of service of a copy of this recommendation

21  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

22  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

23  days within which to file a response to the objections.  Failure timely to file objections to the

24  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

25  and Recommendation by the district court without further review.  See United States v.

26  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

27  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

28

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of January, 2013.

_Michelle H. Burns_

Michelle H. Burns
United States Magistrate Judge